KC FILED

JAN 2 7 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GRACE BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>JANSSEN PHARMACEUTICA INC., a Foreign Corporation; ALZA CORPORATION, a Foreign Corporation; and JOHNSON & JOHNSON, a Foreign Corporation,<br><br>Defendants. | ) | CASE NO. 06C 0513<br><br>JUDGE JUDGE MANNING<br><br>MAGISTRATE JUDGE KEYS |

**NOTICE OF REMOVAL**

Defendants, Janssen Pharmaceutica Inc., Alza Corporation and Johnson & Johnson by and through their attorneys, Drinker Biddle & Reath, LLP, and pursuant to 28 U.S.C. § 1446 and Local Rule 81.2 for the Northern District of Illinois state as follows:

1. A civil action (the "Action") was commenced on June 28, 2005 in the Circuit Court of Cook County, Illinois, County Department, Law Division, designated as Case No. 2005-L-007081 on the docket of said Court, wherein Plaintiff Grace Bennett (hereinafter "Plaintiff") seeks damages from Defendants Janssen Pharmaceutica Inc., Alza Corporation and Johnson & Johnson (hereinafter "Defendants") as a result of, *inter alia*, alleged defects in the Duragesic® patch allegedly manufactured and distributed by Defendants. A copy of said Complaint and Summons is attached hereto as ExhA and incorporated herein.

2. Plaintiff Grace Bennett, at the time the action was commenced, was and still is a resident and citizen of the State of Illinois.

3. At the time this action was commenced, and at the present time, Defendant Janssen Pharmaceutica Inc. was a Pennsylvania corporation with its principal place of business in the State of New Jersey. At the time this action was commenced, and at the present time, Defendant Alza Corporation was a Delaware corporation with its principal place of business in the State of California. The named Defendant Johnson & Johnson, a New Jersey corporation with its principal place of business in the State of New Jersey, is an improper defendant.

4. Neither Janssen, Alza or Johnson & Johnson were at the time this action was commenced, nor are they now, citizens of the State of Illinois, where this action was brought. All Defendants properly join in this Notice of Removal.

5. Service of process in this civil action was made upon Janssen on July 5, 2005 and on Alza on July 5, 2005.

6. At the time this action was commenced, Adventist Hinsdale Hospital, an Illinois corporation, was also named as a defendant. On December 29, 2005, an Order was entered in the Circuit Court of Cook County whereby Plaintiff voluntarily dismissed Adventist Hinsdale Hospital from this action. A copy of the December 29, 2005 Order is attached as Exh. B.

7. The Complaint seeks recovery for Plaintiff's alleged injuries, including, but not limited to, bodily pain and injury and medical expenses arising therefrom. On January 23, 2006, Plaintiff filed an unopposed Motion for Leave to Amend her Illinois Supreme Court Rule 222 Affidavit, stating that the amount sought in this matter was in excess of Fifty Thousand Dollars ($50,000.00). A copy of Plaintiff's R. 222 Affidavit and Order is attached as Exh. C.

8. Therefore, analyzing this Complaint in a light most favorable to Plaintiff, without admitting to any liability for such an amount, defense counsel represents to this Court that the amount of damages alleged to be in controversy by Plaintiff, per Plaintiff's own Complaint and Amended R. 222 Affidavit, is in excess of Fifty Thousand Dollars ($50,000.00). It is Defendants' counsel's good faith belief that the amount in controversy will likely exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs. *See* LR 81.2(a)(1).

9. Pursuant to the facts stated above in paragraphs 2 through 8 this action is one in which the district courts of the United States have original jurisdiction pursuant to 28 U.S.C. § 1332, being a civil action with a matter in controversy which will likely exceed the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, and which is between citizens of different states.

10. This Notice of Removal is filed pursuant to 28 U.S.C. § 1441 and within the time prescribed by 28 U.S.C. § 1446.

11. Defendants will give written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(c) and will file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Law Division, as required by that section.

WHEREFORE, Defendants Janssen Pharmaceutica Inc., Alza Corporation and Johnson & Johnson pray that said action be removed to this Court, and that the Circuit Court of Cook County, Illinois, County Department, Law Division shall proceed no further in the action pending therein.

Respectfully submitted,

John Dames (ARDC No. 00575534)
David B. Sudzus (ARDC No. 6204604)
Stephanie J. Synol (ARDC No. 6279898)
DRINKER BIDDLE & REATH, LLP
115 South LaSalle Street, 23rd Floor
Chicago, Illinois 60603-3862
Tel: 312.977.1510
Fax: 312.977.1511

Courtenay Youngblood Jalics
(ARDC No. 6276126)
TUCKER ELLIS & WEST LLP
1150 Huntington Bldg.
925 Euclid Ave.
Cleveland, OH 44115-1414
Tel: 216.592.5000
Fax: 216.592.5009

*Attorneys for Defendants Janssen Pharmaceutica Inc., Alza Corporation, and Johnson & Johnson*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing **Defendants, Janssen Pharmaceutica, Inc., Alza Corporation, and Johnson & Johnson's Notice of Removal, and Disclosures of Corporate Interest** were deposited into the regular mail, postage prepaid, at 115 South LaSalle Street, 23rd Floor, Chicago, Illinois 60603-3862, before 5:00 p.m. on January 27, 2006, and sent to the following counsel of record:

F. John Cushing, III
Ambrose & Cushing, P.C.
221 N. LaSalle Street, Suite 1748
Chicago, Illinois 60601
Tel: (312) 726.1470

*Attorneys for Plaintiff*

______________________________

625-T/JFC/at

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GRACE BENNETT,<br><br>Plaintiff,<br>v.<br><br>JANSSEN PHARMACEUTICA INC., a foreign Corporation; ALZA CORPORATION, a foreign Corporation; JOHNSON AND JOHNSON, a foreign Corporation; and ADVENTIST HINSDALE HOSPITAL, an Illinois Corporation,<br><br>Defendants | No. |

2006L007051
CALENDAR/ROOM
TIME 00:00
Premises Liability

COMPLAINT

NOW COMES the Plaintiff, GRACE BENNETT, by her attorneys, AMBROSE AND CUSHING, P.C., and complaining of the Defendants, JANSSEN PHARMACEUTICA, INC., a foreign Corporation, ALZA CORPORATION, a foreign Corporation, JOHNSON and JOHNSON, a foreign CORPORATION, and ADVENTIST HINSDALE HOSPITAL, an Illinois Corporation, states as follows:

COUNT 1 – STRICT LIABILITY

1. At all times relevant hereto, GRACE BENNETT, born September 24, 1965, was a chronic pain patient under the care of certain medical doctors, whose pain management program included prescriptions for Duragesic 75 mcg/hr transdermal patch.

2. At all times relevant hereto, JANSSEN PHARMACEUTICA INC., ALZA CORPORATION, and JOHNSON and JOHNSON were and are foreign corporations engaged in part in the business and science of researching, developing, manufacturing and distributing chemical compounds, drugs, medicines and medication delivery systems, including a fentanyl transdermal system C11 patch, c/k/a Duragesic C11, 75 MCG/hr



EXHIBIT A

patch, for use by consumers and patients in Cook County, Illinois and throughout the world.

3. At all times relevant hereto, ADVENTIST HINSDALE HOSPITAL (hereinafter referred to as HINSDALE HOSPITAL) was and is a not-for-profit Illinois Corporation engaged in part in the marketing, sale and distribution of prescription drugs and narcotic delivery systems to customers and patients through its pharmacy, including a fentanyl transdermal systems c/k/a/ Duragesic C11, 75 MCG/hr patch.

4. At all times relevant hereto, JOHNSON AND JOHNSON was and is a foreign corporation engaged in part in the research and development of chemicals, medication, prescription drugs and narcotic delivery systems for use by customer and patients in Cook County, Illinois, and throughout the world, in association with, and the parent company for, various drug and chemical delivery system manufacturers and distributors including Defendant ALZA CORPORATION and Defendant JANSSEN PHARMACEUTICA, INC.

5. At all times relevant hereto, Defendant ALZA CORPORATION (hereinafter referred to as ALZA), was and is a foreign corporation, engaged in part in the business and science of research, development, manufacture and commercialization of drug delivery systems in conjunction with other pharmaceutical and biotechnology companies, including Defendant JANSSEN PHARMACEUTICA, INC., for various products, including Duragesic C11 75 MCG/hr patches.

6. In February of 2004, Defendants sold and delivered to GRACE BENNETT, a box of 15 Duragesic C11 75 MCG/hr patches, which were designed, manufactured and distributed from manufacturing lot# 0327193.

7. At the time they left the control of each of the named Defendants herein, the Duragesic (fentanyl transdermal CII) patches in question were unreasonably dangerous in design and manufacture for their intended and foreseeable use in one or more of the following respects:

a. The Duragesic patch released its narcotic medication into Plaintiff's system at a dangerous rate;

b. The Duragesic patch released its narcotic medication into Plaintiff's system at a rate faster than its advertised rate of 75 MCG/hr;

c. The Duragesic patch protective liner and functional layers leaked, and failed to deliver fentanyl from the drug reservoirs at the declared constant amount per unit of time of 75 MCG/hr;

d. Defendants failed to provide adequate warning of the danger involved in the administration of this opiod analgesic;

e. Defendants failed to warn of the symptoms of and steps to be taken for an overdose of this opiod analgesic;

f. Defendants failed to adequately warn against the use of this opiod analgesic without proper supervision and monitoring;

g. Defendants directed Plaintiff to use the pain patch more frequently then was safe.

8. As a direct and proximate result of one or more of the aforementioned unreasonably dangerous conditions, Plaintiff was caused to suffer physical and mental pain, became drowsy and fall numerous times, including but not limited to February 26, 2004, March 6, 2004 and March 16, 2004, ultimately resulting in contusions, lacerations, fractured teeth and broken bones, requiring certain medical and dental care and resulting in substantial bills and necessary expenses.

Wherefore, Plaintiff prays this Court enter judgment in her favor and against the Defendant JANSSEN PHARMACEUTICA, INC., in an amount in excess of Thirty Thousand ($30,000.00) Dollars plus costs.

**COUNT II – STRICT LIABILITY**

1-8. Plaintiff re-alleges paragraphs 1 through 8. of Count I as paragraphs 1. through 8. of Count II.

Wherefore, Plaintiff prays this Court enter judgment in her favor and against Defendant ALZA CORPORATION in an amount in excess of Thirty Thousand ($30,000.00) Dollars plus costs.

**COUNT III – STRICT LIABILITY**

1-8. Plaintiff re-alleges paragraphs 1 through 8. of Count I as Paragraphs 1. through 8. of Count III.

Wherefore, Plaintiff prays this Court enter judgment in her favor and against Defendant JOHNSON AND JOHNSON in an amount in excess of Thirty Thousand ($30,000.00) Dollars plus costs.

## COUNT IV – NEGLIGENCE

1-3. Plaintiff re-alleges paragraphs 1 through 3. of Count I as paragraphs 1. through 3. of Count IV.

4. At all times relevant hereto, GRACE BENNETT suffered from chronic pain and was a consumer of certain medication to treat that condition, including transdermal Fentanyl patches sold and distributed by Defendant HINSDALE HOSPITAL, through its pharmacy.

5. At all times relevant hereto HINSDALE HOSPITAL'S pharmacy provided information to Plaintiff regarding the application and frequency of use of the transdermal Fentanyl patches.

6. By providing medication frequency information to Plaintiff, Defendant, HINSDALE HOSPITAL, voluntarily assumed a duty to warn Plaintiff of the dangers or risks of the transdermal Fentanyl patches.

7. At all times relevant hereto, Defendant HINSDALE HOSPITAL, through the employees and agents of its pharmacy, owed a duty to its customers, including GRACE BENNETT, to exercise reasonable care in the acquisition and communication of information regarding the safety and use of prescription medications.

8. Notwithstanding the foregoing duties, Defendant HINSDALE HOSPITAL was guilty of one or more of the following careless and negligent acts or omissions:

a. Failed to warn Plaintiff of dangers regarding the transdermal Fentanyl patches;

b. Failed to warn Plaintiff of dangers regarding the transdermal Fentanyl patches when HINSDALE HOSPITAL had knowledge of the manufacturer's suggested frequency of the use of said patches.

c. Made misrepresentations regarding the safety of transdermal Fentanyl patches;

d. Was otherwise careless and negligent.

9. As a direct and proximate result of one or more of the foregoing careless and negligent acts or omissions, GRACE BENNETT endured personal injury, suffering, disability, became drowsy and fell numerous times in February and March of 2004, resulting in contusions, lacerations, broken teeth and fractured bones for which she required certain medical and dental care and incurred substantial bills and necessary expenses.

Wherefore, Plaintiff prays this Court enter judgment in her favor and against Defendant ADVENTIST HINSDALE HOSPITAL in an amount in excess of Thirty Thousand ($30,000.00) Dollars plus costs.

AMBROSE AND CUSHING, P.C.
Attorneys Plaintiff, Grace Bennett

AMBROSE AND CUSHING, P.C.
Attorney for Plaintiff
221 North LaSalle Street, Suite 1748
Chicago, Illinois 60601
312-726-1470
Atty No.: 91170

625-T/JFC/at

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| GRACE BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JANSSEN PHARMACEUTICA INC., a foreign Corporation; ALZA CORPORATION, a foreign Corporation; JOHNSON AND JOHNSON, a foreign Corporation; and ADVENTIST HINSDALE HOSPITAL, an Illinois Corporation, | ) | No. 2005L007081 CALENDAR/ROOM D TIME 00:00 Premises Liability |
| | ) | |
| Defendants | ) | |

RULE 222 AFFIDAVIT

I, the undersigned, do hereby depose and state that I am the plaintiff or the authorized representative or attorney for the plaintiff and the dollar value sought in the attached action does not exceed FIFTY-THOUSAND DOLLARS, exclusive of interest or costs.

Further Affiant Sayeth Not.

F. John Cushing III

SUBSCRIBED TO AND SWORN TO BEFORE ME
THIS 24th DAY OF JUNE, 2005.

NOTARY PUBLIC

"OFFICIAL SEAL"
SHURON L. WALLER
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 10/28/2008

AMBROSE & CUSHING, P.C.
Attorneys for the Plaintiff
221 N. LaSalle Street, Suite 1748
Chicago IL 60601
(312) 726-1470
Attorney Number: 91170

Order (#25) (Rev. 9/13/04) CCG 0002

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Bennett

v.

Janssen Pharmaceuticals, et al.

No. 05 L 7081

ORDER

This cause coming to be heard for case management conference, Plaintiff having orally moved to voluntarily dismiss defendant Adventist Hinsdale Hospital, pursuant to 735 ILCS 5/2-1009, it is ordered as follows:

① Plaintiff's motion is granted.

② Defendant Adventist Hinsdale Hospital is dismissed without prejudice

③ This cause shall remain pending as to all remaining defendants.

Atty. No.: 41529

Name: ARP

Atty. for: Adventist Hinsdale

Address: 55 E. Monroe, #3650

City/State/Zip: Chicago/IL/60603

Telephone: 312-673-7800

ENTERED:

Judge Judge's No.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Jan-26-06 02:52pm From-Anderson Rasor & Partners 13126737781 T-462 P.002/002 F-143

EXHIBIT B

625-T/dm/FJC

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| GRACE BENNETT,<br><br>Plaintiff,<br>v.<br><br>JANSSEN PHARMACEUTICA INC., a foreign corporation; ALZA CORPORATION, a foreign corporation; JOHNSON AND JOHNSON, a foreign Corporation; and ADVENTIST HINSDALE HOSPITAL, an Illinois corporation,<br><br>Defendants. | ) | No. 05 L 007081 |

**MOTION FOR LEAVE TO AMEND RULE 222 AFFIDAVIT**

Now comes Plaintiff, GRACE BENNETT, by her attorneys AMBROSE & CUSHING, P.C., and moves this Honorable Court for leave to Amend Rule 222 Affidavit changing the dollar value to state an amount ***in excess*** of fifty thousand ($50,000.00) dollars exclusive of interest or costs. (Previously filed Rule 222 Affidavit is attached hereto stating not in excess of $50,000.)

AMBROSE & CUSHING, P.C.

By: [signature]
F. John Cushing, III

F. John Cushing, III
AMBROSE & CUSHING, P.C.
221 North LaSalle Street, Suite 1748
Chicago, Illinois 60601
(312) 726-1470
Attorney No.: 91170
Attorneys for Plaintiff

**EXHIBIT C**

625-T/JFC/at

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

GRACE BENNETT,

Plaintiff,

v.

JANSSEN PHARMACEUTICA INC., a foreign Corporation; ALZA CORPORATION, a foreign Corporation; JOHNSON AND JOHNSON, a foreign Corporation; and ADVENTIST HINSDALE HOSPITAL, an Illinois Corporation,

Defendants

No.

2005L007081
CALENDAR/ROOM D
TIME 00:00
Premises Liability

**RULE 222 AFFIDAVIT**

I, the undersigned, do hereby depose and state that I am the plaintiff or the authorized representative or attorney for the plaintiff and the dollar value sought in the attached action does not exceed FIFTY-THOUSAND DOLLARS, exclusive of interest or costs.

Further Affiant Sayeth Not.

F. John Cushing III

SUBSCRIBED TO AND SWORN TO BEFORE ME
THIS 24th DAY OF JUNE, 2005.

NOTARY PUBLIC

"OFFICIAL SEAL"
SHURON L. WALLER
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 10/26/2008

AMBROSE & CUSHING, P.C.
Attorneys for the Plaintiff
221 N. LaSalle Street, Suite 1748
Chicago IL 60601
(312) 726-1470
Attorney Number: 91170

625-T/dm/FJC

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | | |
|---|---|---|
| GRACE BENNETT, Plaintiff, v. | ) | |
| JANSSEN PHARMACEUTICA INC., a foreign corporation; ALZA CORPORATION, a foreign corporation; JOHNSON AND JOHNSON, a foreign Corporation; and ADVENTIST HINSDALE HOSPITAL, an Illinois corporation, | ) | No. 05 L 007081 |
| Defendants. | ) | |

**ORDER**

This matter coming to be heard on Plaintiff's Routine Motion for Leave to Amend Rule 222 Affidavit, due notice having been given and the Court being fully advised on the premises,

IT IS HEREBY ORDERED:

Plaintiff's motion is Granted and the Plaintiff is given leave to file his Amended Rule 222 Affidavit changing the dollar value to state an amount ***in excess*** of fifty thousand ($50,000.00) dollars exclusive of interest or costs, instanter.

Dated:________________

ENTERED:

ENTERED
JAN 23 2006
JUDGE JEFFREY LAWRENCE

Judge

F. John Cushing, III
AMBROSE & CUSHING, P.C.
221 North LaSalle Street, Suite 1748
Chicago, Illinois 60601
(312) 726-1470
Attorney No.: 91170
Attorneys for Plaintiff